UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LEN FLOOD,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY,<br> Commissioner of Social Security[1],<br><br>        Defendant. | Case No.  1:21-cv-0017 JLT HBK<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY'S FEES<br><br>(Doc. 28)<br><br>ORDER DIRECTING THE CLERK OF COURT TO MAIL A COPY OF THIS ORDER TO PLAINTIFF |

Jonathan O. Peña of Peña & Bromberg, PC, counsel for Rodney Len Flood, seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  (Doc. 28.)  Neither Plaintiff nor the Commissioner of Social Security opposed the motion.  For the reasons set forth below, the motion for attorney's fees is **GRANTED** in the amount of $19,400.00, subject to an offset of $6,489.80 in fees previously awarded under the Equal Access to Justice Act.

**I.      Relevant Background**

Plaintiff entered into a "Fee Agreement [re:] Court SSI/ Social Security Disability" with Counsel on June 23, 2020.  (Doc. 28-2 at 1-2.)  In the agreement, Plaintiff indicated that if he was awarded any past-due / retroactive benefits, he would pay 25% of the amount awarded to Counsel.  (*Id.* at 1.)  Pursuant to the terms, Plaintiff agreed: "[M]y attorney has the right under

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley as the defendant in this action.

this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court.  If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, my attorney must refund to me the smaller fee." (*Id.*)  In addition, Plaintiff acknowledged the Social Security Administration would hold 25% of any past-due benefits for the payment.  (*Id.*)

On January 6, 2021, Plaintiff initiated this action seeking judicial review of an administrative decision denying his claim for disability insurance benefits and supplemental security income benefits under the Social Security Act.  (Doc. 1.)  On April 25, 2022, the Court granted the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g).  (Docs. 23, 24.)  Following the entry of judgment in favor of Plaintiff, the Court awarded $6,489.80 in attorney fees under the Equal Access to Justice Act.  (Docs. 25, 27.)

Upon remand, the Commissioner found Plaintiff disabled beginning on July 11, 2013.  (Doc. 28-1 at 2.)  Plaintiff was awarded $169,477.00 in retroactive benefits,[2] from which the Administration withheld $42,389.25 for attorney's fees.  (*Id.* at 3; Doc. 28 at 3.)

On October 13, 2023, Counsel filed this motion for attorney's fees in the amount of $19,400.00, with an offset for EAJA fees already awarded.  (Doc. 28.)  Counsel served Plaintiff with the motion by U.S. mail and notified him that any opposition was due within 14 days.  (*Id.* at 1, 9.)  To date, Plaintiff has not filed an opposition, or otherwise responded to the motion for fees.  The Commissioner "neither supports nor opposes counsel's request…." (Doc. 30 at 1.)

**II.     Attorney Fees under § 406(b)**

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled …

42 U.S.C. § 406(b)(1)(A). Counsel for a plaintiff may recover attorneys' fees under both 42

---

[2] Plaintiff indicates this amount was calculated by multiplying the 25% of past due benefits amount by four ($42,369.25 x 4).  (*See* Doc. 28 at 3; Doc. 28-1 at 3.)

2

U.S.C. § 406(b) and the EAJA. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). However, counsel must refund to the plaintiff the amount of the smaller fee. *Id.*

Fees in Social Security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020); *see also Crawford v. Astrue,* 586. F.3d 1142, 1155 (9th Cir. 2009) (observing that "virtually all attorneys charge a contingency fee" in Social Security cases). District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). Nevertheless, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

When evaluating the reasonableness of a fee request, the Court should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Court should also consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford*, 586 F.3d at 1149. Importantly, a contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount of 25 percent. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."); *see also Crawford*, 586. F.3d at 1155 ("42 U.S.C. § 406(b) sets the maximum percentage that may be charged for representing a claimant in district court at 25 percent of past benefits recovered). The burden is upon counsel to show the fees requested are reasonable. *Gisbrecht*, 535 U.S. at 807.

**III.     Analysis**

Plaintiff signed a contingent fee agreement providing "my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won." (Doc. 28-2 at 1.) Counsel accepted the risk of loss in the action and expended a total of 29.9 hours while representing Plaintiff before the District Court. (Doc. 28-3 at 1.) Tasks undertaken included reviewing the administrative

1 record, summarizing the medical evidence, legal research, and preparation of the opening brief.
2 (*See id.*)  The time Counsel spent representing Plaintiff was reasonable for the tasks completed
3 and does not appear inflated.

4     Counsel was ultimately successful in securing $169,477.00 in retroactive benefits for
5 Plaintiff.  (Doc. 28-1 at 3.)  For this work, Counsel requests a fee of $19,400.00, which is
6 approximately 12% of the past-due benefits withheld for fees.  (*See* Doc. 28 at 3.)  Because
7 $6,489.80 was previously approved under the EAJA and Counsel will refund this amount, the net
8 cost to Plaintiff is $12,910.20.  (*See* Doc. 28 at 6.)

9     There is no indication that Counsel performed in a substandard manner or engaged in
10 severe dilatory conduct.  Plaintiff secured a remand for payment of benefits following the appeal,
11 including an award of past-due benefits beginning June 2016.  (Doc. 28-1 at 1.)  The fees
12 requested are significantly below the 25% maximum permitted under 42 U.S.C. §406(b), and the
13 amount agreed upon by counsel and Plaintiff.  (*See* Doc. 28-2 at 1.)  Plaintiff did not oppose
14 Counsel's request and thereby indicates an implicit belief that the total amount requested for
15 attorney fees is reasonable.

16     Counsel's request for $19,400 in fees for 29.9 hours results in an hourly rate of $648.92
17 for the work completed in this action.  (Doc. 28 at 5.)  The Ninth Circuit found similar hourly
18 rates were reasonable in Social Security contingency fee arrangements.  *Crawford*, 586 F.3d at
19 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling
20 $519.00, $875.00, and $902.00).  Recently, this Court also approved a comparable hourly rate for
21 work completed before the district court in a Social Security appeal.  *See Garcia v. O'Malley*,
22 2024 WL 4121872, at *3 (E.D. Cal. Sept. 9, 2024) (approving an hourly rate of $685.71 for
23 counsel upon reviewing a request for fees under Section 406(b)).  Because the hourly rate falls
24 within the range of fees found reasonable by the Ninth Circuit and this Court, the rate does not
25 weigh against granting the fees requested.

26 **IV.    Conclusion and Order**

27     Based upon the tasks completed and results achieved following the remand for further
28 proceedings, the Court finds the fees sought by Counsel are reasonable.  *Gisbrecht,* 535 U.S. at

807-08.  However, an award of Section 406(b) fees must be offset by any prior award of attorneys' fees granted under the EAJA.  28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796.  Because Plaintiff was previously awarded $6,489.80 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.  Accordingly, the Court **ORDERS**:

1. The motion for an award of attorney's fees (Doc. 28) is **GRANTED**.
2. Plaintiff's Counsel is **AWARDED** $19,400.00 in attorney fees pursuant to 42 U.S.C. § 406(b).
3. The funds **SHALL** be paid to Counsel out of the funds withheld by the Social Security Administration.
4. After payment of fees, any remaining funds being held by the Administration **SHALL** be released to Plaintiff Rodney Len Flood.
5. Plaintiff's Counsel **SHALL** refund $6,489.80 to Plaintiff as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).
6. The Clerk of Court is directed to serve a copy of this Order on Plaintiff Rodney Len Flood, 153 N. Yosemite Ave., Fresno, CA 93701.

IT IS SO ORDERED.

Dated:   **September 24, 2024**

UNITED STATES DISTRICT JUDGE